WEEDSPORT ELECTRIC LIGHT COMPANY, Respondent, *v.*
THE VILLAGE OF WEEDSPORT, Appellant.

Contract — village of Weedsport — construction of contract for
lighting village by electricity — term of franchise granted to
electric light company limited by contract to term for which
electric light was to be furnished.

Plaintiff's assignor contracted with defendant, an incorporated
village, to furnish it with electric lighting for ten years. The
defendant also agreed by a provision contained in section 8 of the
contract to grant a franchise to plaintiff and his assigns to construct
and maintain wires, poles and other fixtures and apparatus in its
streets for the purpose of electric lighting, power and heat for the
" same term of years." The trustees afterward adopted a resolution
formally granting such franchise without stating the term thereof,
but providing: " The above resolution to only apply to section 8 of
the agreement made Dec. 8, 1897," which was the date of the agree-
ment above referred to between defendant and plaintiff's assignor.
*Held*, that this operated as a valid limitation upon the duration
of the consent, and that the rights and obligations of the parties
are thereby defined.
*Weedsport El. Light Co.* v. *Vil. of Weedsport*, 167 App. Div. 949,
reversed.

(Argued March 12, 1917; decided April 3, 1917.)

APPEAL from a judgment, entered April 7, 1915, upon
an order of the Appellate Division of the Supreme Court
in the fourth judicial department reversing a judgment
in favor of defendant entered upon a dismissal of the
complaint by the court on trial at Special Term, and
directing judgment in favor of plaintiff.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Lewis E. Carr* and *Stewart F. Hancock* for appellant.
The resolution of the board of trustees of the village of
Weedsport, adopted October 5, 1898, did not grant to

Edwards and his assigns a franchise to maintain an electric lighting plant in that village for commercial lighting that was unlimited as to time.  The contract was ambiguous and the doubt is to be resolved against the grantee of the franchise and not against the municipality.  (*People v. Broadway Railroad Co.*, 126 N. Y. 29; *Matter of Rhinehart* v. *Redfield*, 93 App. Div. 410; 179 N. Y. 569; *Mayor* v. *D. D., E. B. & B. R. R. Co.*, 112 N. Y. 137; *Trustees of Southampton* v. *Jessup*, 162 N. Y. 122; *Trustees of Southampton* v. *Jessup*, 173 N. Y. 84; *Syracuse Water Co.* v. *City of Syracuse*, 116 N. Y. 167; *De Lancey* v. *Piepgras*, 138 N. Y. 26; *Auburn & Cato Plank Road Co.* v. *Douglas*, 9 N. Y. 444; *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420; *Dubuque & Pacific R. R. Co.* v. *Litchfield*, 23 How. [U. S.] 66; *Oregon Railway Co.* v. *Oregonian Railway Co.*, 130 U. S. 1; *Knoxville Water Co.* v. *Knoxville*, 200 U. S. 22.)

*Lansing G. Hoskins* for respondent.  The resolution of October 5, 1898, repealed clause 8 of the electric lighting contract between the village and Edwards.  (*People v. Wurster*, 14 App. Div. 556; *Mayer* v. *Third Avenue R. R. Co.*, 117 N. Y. 404; *Pratt Institute* v. *New York*, 183 N. Y. 151; *Dash* v. *Van Kleeck*, 7 Johns. 477; *Columbian Mfg. Co.* v. *Vanderpool*, 4 Cow. 556; *Miner* v. *German Savings Bank*, 2 Daly, 406; *Matter of City of Buffalo*, 18 N. Y. Supp. 771.)

COLLIN, J.   The action is to establish the existence and validity of, and permanently restrain the defendant from interfering with, an alleged franchise from the defendant to the plaintiff.  The Appellate Division reversed the judgment of the Special Term dismissing the complaint upon the merits, and directed judgment in favor of the plaintiff.   Therein it erred.

On December 8, 1897, one Edwards contracted in writing to furnish the defendant, a municipal corporation,

with electric lighting for ten years "from the date of starting the lights and such date not to be later than April 15, 1898," and, in the absence of a specified notice from either party to the other, for a further indefinite period. The writing contained this section: " 8. And it is further agreed that the President and the Board of Trustees hereby grant a franchise to said John D. Edwards for heat, power and residence lighting for the same term of years, in consideration of which said Edwards is to light with electricity the Village Hall, Trustees' Room and lock-up." On October 5, 1898, the trustees of the defendant adopted this resolution: " *Resolved,* That the consent of the Board of Trustees of the Village of Weedsport, N. Y., and of the municipal authorities thereof be and hereby is given to J. D. Edwards or assigns, to lay, erect, construct and maintain suitable wires and other conductors with the necessary poles and other fixtures and apparatus, in, on, over and under the streets, avenues, public parks and places of said village for conducting and distributing electricity, lighting, power and heat, under such reasonable regulations as the Board may direct. In Consideration of which said Edwards or assigns is to light with electricity, the Village Hall, Trustees' room and Lock-up. The above resolution to only apply to Section 8 of the Agreement made December 8, 1897, between the Village of Weedsport and John D. Edwards." In April, 1899, Edwards transferred to the plaintiff, a corporation organized under article 7 of the Transportation Corporations Law, the rights and privileges acquired by him through the contract and resolution, and the electric lighting plant and distributing system constructed by him; which the plaintiff has since maintained and operated. The defendant has at all times recognized the validity of that transfer. The contract by virtue of its original terms and an extension or renewal expired March 31, 1913. In December, 1912, the defendant notified the plaintiff that the contract and franchise would not be

continued beyond April 1, 1913, and thereafter refused to grant the plaintiff any permit to erect poles or wires in its streets. On March 31, 1913, the defendant requested the plaintiff, which consented, to furnish electric and commercial lighting, upon the same terms and in the same manner as then furnished, until such time as a municipal lighting plant should be established. We are to determine whether or not the consent of the defendant, through the resolution of October 5, 1898, was perpetual.

The intention and original agreements of the parties, as expressed in the contract of December 8, 1897, are not obscure. Through a period of ten years "from the date of starting the lights and such date not to be later than April 15, 1898," the plaintiff was to supply the defendant, under expressed conditions and terms, with electric lighting, and was given by the defendant in intention, but in form not in compliance with the statute, a special franchise to use, for the same term of years, the streets and public places of the defendant for the purpose of supplying generally electricity for heat, light and power. The reciprocal obligations and rights were, in the absence of a prescribed notice from either party to the other, to continue indefinitely beyond the ten years. Such, in effect, was the contract of the parties. The statute, which made essential the franchise or consent of the defendant for the use of the streets, empowered the corporation, among other things, " to lay, erect and construct suitable wires or other conductors, with the necessary poles, pipes or other fixtures in, on, over and under the streets, avenues, public parks and places of such cities, towns or villages, for conducting and distributing electricity, with the consent of the municipal authorities thereof, and in such manner and under such reasonable regulations as they may prescribe." The resolution of October 5, 1898, is the full expression, to the end that the consent authorized by the statute should be given, of the franchise intended to be granted by section 8 of the contract.

Such relation between the resolution and the section is made clear by the statement adopted as a part of the resolution: "The above resolution to only apply to section 8 of the Agreement made December 8, 1897, between the Village of Weedsport and John D. Edwards." The sole meaning and utility of the statement is to declare that the consent given by the resolution, to the acts it specifies, is the franchise granted by the section. The consent through the resolution cannot be invoked by the plaintiff as a substitute for or as independent of the section. The consent is the franchise of the section, which was granted " for the same term of years " as the contract was to exist.

In view of the agreement of April 27, 1908, it is unnecessary to determine, and we do not consider, whether or not under the statute the consent to Edwards, an individual, was valid. That agreement was between the plaintiff and the defendant, and "renewed and continued for a further term of five years from April 1, 1908," the contract of December 8, 1897, with additional provisions relating to lighting furnished the defendant and individuals. It is obvious that the defendant consented thereby to the continuance and the exercise by the plaintiff of the consent during the extended period. The consent of the defendant authorized by the statute was given the plaintiff upon the stipulations and terms of the agreement. The limitation upon the duration of the consent was valid. The consent might lawfully be restricted by such regulations or conditions as did not violate the Constitution, a statute or the established principles of municipal law. (*Blair* v. *City of Chicago,* 201 U. S. 400, 457; Dillon on Municipal Corporations [5th ed.], sections 1229, 1230.) By reason of the limitation of the duration of the consent and the notice of December, 1912, to the plaintiff by the defendant, the consent would have ceased on April 1, 1913, had not the parties extended it by and upon the terms and conditions of the proposition of the defendant of March 31, 1913, and the acceptance of

the proposition by the plaintiff. The present rights and obligations of the parties are defined by the agreement thus made.

The judgment of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in the Appellate Division and in this court.

Hiscock, Ch. J., Cardozo, Pound, Crane and Andrews, JJ., concur; Cuddeback, J., not voting.

Judgment reversed, etc.